ON APPLICATION FOR REHEARING
ROSEMARY LEDET, Judge.
| delator’s application for rehearing is granted. However, we find the Relator is not entitled to the relief he seeks. Relator seeks review of the district court’s denial of his motion to quash and release from custody pursuant to - La.C.Cr.P. art. 701. Article 701 provides in pertinent part:
D. (1) A motion by the defendant for a speedy trial, in order to be valid, must be accompanied by an affidavit by defendant’s counsel certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article. After the filing of a motion for a speedy trial by the defendant and his counsel the time period for commencement of trial shall be as follows:
(2) Failure to commence trial within the time periods provided above shall result in the release of the defendant without bail or in the discharge of the bail obligation, if after contradictory hearing with the district attorney, just cause for the delay is not shown.
E. “Just cause” as used in this Article shall include any grounds beyond the control of the State or the Court.
Relator contends that on November 2, 2011, he filed a motion for speedy trial and that he was entitled to be brought to trial within 120 days of that date. In denying the defendant’s motion, the district court orally reasoned as follows:
“I don’t think that the drafters of the statute ever intended that — what you guys basically did, was you filed a motion for speedy trial that covered every article under Article 701, that addresses whether or not he was charged timely, whether or not he was arraigned timely, and |j>whether or not he proceeded to trial timely, all issues addressed by Article 701. And so you filed it before the indictment even occurred, before he was even arraigned. And so, basically, now you’re arguing the time should start to click — so, basically, you guys sign an affidavit saying that you are ready for trial before you even got any discovery. Now, how you guys are ready, I don’t know.... But I find sufficient just cause that I am not releasing the defendant pursuant to Article 701.”
We find, as the district court aptly pointed out, that the Legislature’s intent in requiring an affidavit from counsel “certifying that the defendant and his counsel are prepared to proceed to trial within the delays set forth in this Article [701]” was not to allow defense counsel to file a mo *504 tion for speedy trial before a defendant is arraigned. Rather, the Legislature’s intent was that such a motion should be filed after defense counsel has engaged in discovery and adequately prepared the case for trial.
Regardless, the district court found “good cause” for denying the motion for the following reasons: (i) Relator is charged with a serious offense: second degree kidnapping and aggravated rape; (ii) Relator has not been held in custody for “an exorbitant amount of time, with no action taking place on his case;” (iii) the first trial setting is for April 23, 2012, which has not yet occurred; and (iv) the district court agreed to revisit the issue in the event the case does not go to trial as scheduled. Given the circumstances of this case, we cannot conclude the district court erred in finding “good cause.”
Accordingly, Relator’s application for rehearing is granted, but his request for relief is denied.
REHEARING GRANTED; RELIEF DENIED